```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                            Norfolk Division
```

UNITED STATES OF AMERICA

v.                                    ACTION NO. 2:05mj205

LARRY SCOTT AGNOR,

        Defendant.

## O R D E R

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  The Court concludes that the following facts require the detention of the defendant pending trial in this case.

There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 846.

There is probable cause to believe that the defendant has committed an offense under 18 U.S.C. § 924(c).

The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

The Court FINDS that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the defendant engaged in a conspiracy to manufacture methamphetamine.

The defendant has lived in this community for 32 of his 53

years. His 24-year-old son is a co-conspirator and has been detained. The defendant indicated that he had not been employed full time since 1999 but has collected auto and construction equipment parts and resold these items at a profit since 1999. He states that he has no income, assets, or liabilities, and is being taken care of by his parents.

The defendant stated that he tried methamphetamine between 1988 and 2000 and he continued to use methamphetamine but not often. He claims that he last used methamphetamine in 2004.

The defendant has several arrests but no convictions.

The Court FINDS that this defendant is a risk of danger to the community based on the charged offense, his current employment status, and his self-reported substance abuse history. In addition, the nature of this particular offense indicates that the defendant was in the business of manufacturing methamphetamine, which is a very dangerous process. In addition, the evidence appears clear that he distributed the methamphetamine for profit.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case and the strength of the evidence against him that there is a strong likelihood that the defendant will not appear for trial under any conditions of release.  The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case.  See United

States v. Williams, 753 F.2d 329 (4th Cir. 1985).

There is a serious risk that the defendant will not appear.

There is a serious risk that the defendant will endanger the safety of another person or the community.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

```
                          _____/s/_____
                                  Tommy E. Miller
                              United States Magistrate Judge
```

Norfolk, Virginia

May 27, 2005

Nunc pro tunc May 25, 2005

3